IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SELEMANI HAKIZIMANA, § | | |
| #65022-019, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | | 3:15-CV-1822-D-BK |
| § | | (3:13-CR-015-D (02)) |
| UNITED STATES OF AMERICA, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge. Upon review of the relevant pleadings and applicable law, it is recommended that the motion be **DENIED**.

## I. BACKGROUND

In 2014, pursuant to a plea agreement with an appellate-rights waiver, Petitioner pled guilty to Conspiracy to Commit Theft of Federal Public Money, and was sentenced at the low end of the guideline range to 57 months' imprisonment and ordered to pay $362,000 in restitution. Crim. Doc. 55. He did not pursue a direct appeal. In this timely section 2255 motion, Petitioner asserts ineffective assistance of counsel during the guilty plea proceeding and at sentencing. Doc. 1 at 4-7. The government argues the section 2255 motion lacks merit. Doc. 8. Petitioner has filed a reply. Doc. 9.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*,

132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)).  Under section 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

     **A. Ineffective Assistance of Counsel**

     To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984).  Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697.

     To prove the deficient performance under *Strickland*, a petitioner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687.  The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688.  That said, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.  There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

     To demonstrate prejudice in the context of a guilty plea, the petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  The petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*  To prevail on a claim of ineffective assistance of counsel at sentencing, the petitioner must demonstrate that his sentence was increased on account of the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-204 (2001).

2

1.  **Vague and Conclusory Allegations**

As the Government correctly notes, Petitioner's ineffective assistance of counsel claims are conclusory and vague, and should be summarily dismissed. Petitioner's bare assertions of counsel's "intimidation" and alleged coercion "to take the plea deal of 60 months," failure to "explain material facts about the plea," and failure to properly support his objection to the leadership-role enhancement, Doc. 1 at 4-5, 7; Doc. 9 at 1-2, are vague and insufficient to plead a Sixth Amendment claim. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claim). Without specific allegations of counsel's deficient actions or inaction, Petitioner has not raised any issue of constitutional import. That is because "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Pineda*, 988 F.2d at 23 (quotations and quoted case omitted); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value."). That notwithstanding, each of Petitioner's ostensible claims fails on the merits, as detailed *infra*.

2.  **Guilty Plea Proceedings (Claims 1 and 2)**

Petitioner complains that defense counsel intimidated him into pleading guilty by advising him to take the plea offer, which limited his sentencing exposure to 60 months' imprisonment, instead of the 20 years he faced based on the indicted offenses. Doc. 1 at 4; Doc. 9 at 1-2. Petitioner also claims that counsel did not "explain material facts about the plea," and that he "[w]as not made aware of the consequences of the guilty plea." Doc. 1 at 5. However, the record belies each of his assertions.

During re-arraignment, Petitioner affirmed under oath that he understood the essential

elements of his offense and admitted committing each of them.  *See* Rearraignment Tr., Crim. Doc. 59 at 7-8, 21.  He confirmed that (1) he had reviewed the plea agreement with counsel and understood all of its provisions; (2) no one had made any promises to induce him to enter into the plea agreement; and (3) he was freely and voluntarily pleading guilty.  Crim. Doc. 59 at 8, 10.  Petitioner also confirmed that he had reviewed the factual resume before signing it, and that the stipulated facts contained in it were true.  Crim. Doc. 59 at 20-21.  And he averred that he was fully satisfied with his counsel's advice.  Crim. Doc. 59 at 8.

In his reply, Petitioner reiterates that he "was pressured/threatened into signing a plea agreement," but again fails to provide any support for his claim.  Doc. 9 at 1.  Even accepting as true Petitioner's recount of counsel's advice that Petitioner would face a 20-year sentence if he did not plead guilty, Doc. 1 at 4, said advice did not amount to a coercive threat.  "A defense attorney should make informed predictions about the consequences of either pleading guilty or going to trial."  *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002) (defense attorney's prediction of a harsh sentence at trial did not alone render a guilty plea involuntary and plea colloquy should control).  Here, Petitioner faced an additional nine counts of Theft of Federal Public Money [Doc. 1 at 6], thus, an accurate assessment of his sentencing exposure was important.  It is well established that a guilty plea is not rendered invalid merely because it is motivated by fear of greater punishment.  *United States v. Araiza*, 693 F.2d 382, 384-385 (5th Cir. 1982) (citing *Bordenkircher v. Hayes,* 434 U.S. 357 (1978); *Flores v. Estelle,* 578 F.2d 80, 85 (5th Cir.1978)).

Moreover, approximately four months elapsed between Petitioner's guilty plea and his sentencing hearing, during which, he had ample opportunity to advise the Court that his guilty plea was involuntary and coerced, or that he was dissatisfied with defense counsel's

performance. Yet, neither during the interim period nor at sentencing did Petitioner express concern about the voluntariness of his guilty plea or dissatisfaction with counsel's advice and representation of him. Crim. Doc. 60. Again, Petitioner confirmed under oath that no one had coerced, forced, or threatened him in any way to enter his guilty plea, nor had anyone made any promises to cause him to enter into the plea agreement. Crim. Doc. 59 at 7-8, 20-21. That Petitioner did not complain previously casts serious doubt on the credibility of his present assertions, which, under these circumstances, appear self-serving.

In any event, Petitioner has wholly failed to demonstrate prejudice, namely that, but for his counsel's alleged erroneous advice, he would not have pleaded guilty and would have insisted upon going to trial. *Hill,* 474 U.S. 52, 59 (1985). Accordingly, Petitioner's first and second ineffective assistance claims fail.

### 3. Sentencing (Claim 3)

Petitioner also asserts counsel rendered ineffective assistance at sentencing when he failed to properly object to the manager/supervisor Sentencing Guidelines enhancement. Doc. 1 at 7. Specifically, he complains counsel "never backed . . . up" the objection or presented supporting arguments. *Id.* In his reply, Petitioner argues that counsel "abandoned [him] at the critical phase of pre-sentence preparation," and that the objection and arguments to the enhancement "should have been brought to the Court's attention prior to the sentencing hearing" and only after being "fully briefed." Doc. 1 at 9. Petitioner's conclusory assertions are again refuted by the record, which shows that counsel actually filed a detailed objection to the Presentence Report (PSR) challenging the application of a three-level manager/supervisor enhancement. Crim. Doc. 51 at 3-6. The objection included the recitation of facts in support, and, most importantly, the Court *sustained* the objection at sentencing, reducing the guideline

imprisonment range from 60 months to 57-60 months.[1]  Crim. Doc. 60 at 5.  Based on this record, Petitioner's complaints are simply frivolous.

Petitioner has failed to establish that counsel's performance at sentencing was deficient or that it prejudiced him.  Accordingly, his third ineffective assistance of counsel claim also fails.

### B. Evidentiary Hearing

In his reply, Petitioner requests to be allowed to present evidence of the alleged threats and pressure to plead guilty, in lieu of offering proof of the same in his supportive brief.  Doc. 9 at 1.  He contends that "voicing specifics at this point would be counter productive [sic] as it would allow my counsel time to prepare for the answer when it is presented."  Doc. 9 at 1."  Petitioner is not entitled to an evidentiary hearing, however.  "When the files and records of a case make manifest the lack of merit of a section 2255 [motion], the trial court is not required to hold an evidentiary hearing."  *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also Cervantes*, 132 F.3d at 1111 (petitioner was not entitled to an evidentiary hearing because he did not meet his burden of proof under section 2255).  Accordingly, because Petitioner's claims lack merit for the reasons stated above, no evidentiary hearing is required in this section 2255 proceeding.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the section 2255 motion be **DENIED**.

**SIGNED** December 12, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Before the adjustment, the calculated guideline imprisonment range was 63 to 78 months, higher than the statutory maximum punishment of 60 months; thus, the statutory maximum of 60 months became the guideline imprisonment range.  Crim. Doc. 49-1 at 19.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                        */s/ Renee Harris Toliver*
                                                       RENEE HARRIS TOLIVER
                                                       UNITED STATES MAGISTRATE JUDGE